1  **KELLEY DRYE & WARREN LLP**
     Becca Wahlquist (State Bar No. 215948)
2  350 South Grand Avenue, Suite 3800
   Los Angeles, CA 90071
3  Telephone:  (310) 712-6100
   Facsimile:   (310) 712-6199
4  BWahlquist@kelleydrye.com

5  Attorneys for Defendant
   Mattress Firm, Inc.
6

7

8                 **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | REBEKA RODRIGUEZ | Case No. 2:23-cv-2930 |
12 | | |
   | Plaintiff, | **NOTICE OF REMOVAL** |
13 | | |
   | v. | [From the Superior Court of California, County of Los Angeles, Case No. 23STCV04679] |
14 | | |
   | MATTRESS FIRM, INC., a Delaware Corporation d/b/a www.mattressfirm.com; and DOES 1 through 10, inclusive, | |
15 | | Action Filed:       March 3, 2023 |
16 | | Complaint Served: March 21, 2023 |
   | | Removal Date:     April 19, 2023 |
17 | | |
18 | Defendants. | |

19

20

21

22

23

24

25

26

27

28

                                    CASE NO:
                          NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant Mattress Firm, Inc. ("Mattress Firm") hereby removes the above-captioned complaint from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. In support of removal, Mattress Firm states the following:

1. On March 3, 2023, Plaintiff Rebeka Rodriguez ("Plaintiff") filed a complaint against Mattress Firm in the Superior Court of California, County of Los Angeles, captioned *Rebeka Rodriguez v. Mattress Firm, Inc., a Delaware Corporation d/b/a www.mattressfirm.com; and DOES 1 through 10, inclusive*, Case No. 23STCV04679 (the "State Court Action").

2. A copy of the complaint in the State Court Action is attached hereto as **Exhibit A** (the "Complaint").

3. The Complaint alleges that Mattress Firm's website, https://www.mattressfirm.com (the "Website"), "secretly report[s] all the details to Meta: the visitor's personally identifiable information ("PII"), the titles watched, and more. (Compl. ¶ 1.) Plaintiff further alleges that Mattress Firm does "this so that the consumer can then be bombarded with more targeted advertising on Meta platforms such as Facebook." (*Id.*)

4. Plaintiff purports that this alleged activity violates the Video Privacy Protection Act of 1998 (the "VPPA"), 18 U.S.C. § 2710 *et seq*. (*Id.* ¶ 2.)

5. On March 21, 2023, Plaintiff served the Complaint and Summons on Mattress Firm. The time for Mattress Firm to answer or otherwise plead in the State Court Action has not expired.

6. This Notice of Removal is filed within the time prescribed under 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

7. This Court has subject matter jurisdiction over Plaintiff's claims because of the presence of a federal question.

8. Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Indeed, a federal district court has original jurisdiction over claims when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

9. Here, Plaintiff's sole cause of action in her Complaint is an alleged violation of the VPPA, a federal statute. (*See* Compl. ¶¶ 31-37.) Thus, because "Plaintiff['s] statement of [her] own cause of action shows that it is based" on a federal statute, a federal question exists. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1906).

## REMOVAL IS PROCEDURALLY PROPER

10. Removal is timely because Mattress Firm filed this notice within thirty days of Plaintiff's March 21, 2023 service of the Complaint on Mattress Firm. *See* 28 U.S.C. § 1446(b)(1).

11. Removal to this Court is proper because the United States District Court for the Central District of California embraces the location where the State Court Action was commenced and is pending—Los Angeles, California. *See* 28 U.S.C. §§ 89(b), 1441(a).

12. Mattress Firm submits with this notice a copy of all process, pleadings, and orders served upon it in this action as **Exhibit B**. *See* 28 U.S.C. § 1446(a).

13. Mattress Firm will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

14. Mattress Firm will promptly file a copy of this notice of removal with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles in accordance with 28 U.S.C. § 1446(d).

**NON-WAIVER**

15. If the Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction, the time within which to remove will have not begun to run, and Mattress Firm reserves the right to remove this action at the appropriate time. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).

16. Mattress Firm does not waive, and expressly preserves, all objections and defenses it may have, including but not limited to those permitted pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure.

DATED: April 19, 2023

KELLEY DRYE & WARREN LLP
Becca Wahlquist

By: /s/ Becca J. Wahlquist
     Becca J. Wahlquist

Attorneys for Defendant
Mattress Firm, Inc.